Emma J. Osburn and Husband v. A. F. Andre.

Injunction.  *Deed of trust.  Marshalling assets.  Case in judgment.*

At a sale under a judgment against M., a tract of land was purchased by O., which was encumbered with a deed of trust previously executed by M. in favor of A.  The trustee was about to sell under the deed, when O. filed a bill in chancery charging that there was much less due upon the claim secured than the ostensible amount thereof, and seeking a discovery from A. as to the amount really due, and also praying that an account of the indebtedness be stated by a commissioner.  The bill further stated that the deed of trust covered a lot of personal property, and prayed that it should be first sold and applied to the payment of the debt.  There was a prayer for an injunction, and, accordingly, a temporary injunction against the sale of both the personalty and realty was granted.  A. answered, admitting the above stated allegations of the bill, and making a statement of the amount due on his claim.  He thereupon made a motion to dissolve the injunction; which was granted as to the personalty, but overruled as to the realty.  From this order of partial dissolution O. appealed, and gave a bond for *supersedeas.*  A. then renewed his motion for a dissolution of the injunction as to the land, and it was sustained.  From this order O. also appealed, and the two appeals were presented to this court to be considered together.  *Held,* that the action of the chancellor was correct in both instances.

Appeal from the Chancery Court of Hinds County.

Hon. E. G. Peyton, Chancellor.

The case is sufficiently stated in the opinion of the court.

*Wells & Williamson,* for the appellants.

1. We insist that this injunction should be retained until the final hearing of the cause, so that the amount due on the deed of trust may be ascertained and fixed by the court, and an opportunity given the complainants to pay it off.  See *Mosby* v. *Hodge,* 76 N. C. 387 ; *Kornegay* v. *Spicer,* 76 N. C. 95 ; *Whitehead* v. *Hellen,* 76 N. C. 99 ; Hill. on Inj., sect. 68 ; *String-*

*ham* v. *Brown*, 7 Iowa, 33 ; *Sloan* v. *Coolbaugh*, 10 Iowa, 31 ; *Casady* v. *Bosler*, 11 Iowa, 242 ; High on Inj , sect. 310 ; Jones on Mort., sects. 1064, 1069. We admit that whatever sum is actually due on the deed of trust should be paid. But the answer of Andre leaves the matter in doubt as to the amount due. We insist that the amount due has not been fixed, and that the decree of the chancellor does not give the complainants an opportunity to pay it off.

2. An injunction should not be dissolved, even after an answer filed fully denying the equity of the bill, if the court can see in the facts disclosed any good reason for retaining it. Dan, Ch. Pr. 1677, note 4.

3. Mrs. Osburn, it will not be denied, has a right to demand that the personal property shall all be sold before going upon the land. This right was totally denied her when the last decree was rendered. An order or decree allowing the defendant to do the thing restrained by an injunction, pending an appeal from a decree dissolving the injunction, is erroneous. *Penrice* v. *Wallis*, 37 Miss. 173.

*W. C. Wells* and *C. M. Williamson*, for the appellants, argued the case orally.

*R. P. Willing*, for the appellee.

1. As to the decree of the chancellor in sustaining the motion to dissolve the injunction as to the personal property, I insist that, as Mrs. Osburn claims no interest in, right to, or lien upon said property, she cannot be prejudiced, or her rights in any way affected, by the decree of the chancellor dissolving the injunction as to that property.

2. I insist, as to the decree dissolving the injunction as to the land, that as Andre's deed of trust had been executed and recorded prior to the rendition of the judgment under which Mrs. Osburn purchased, she bought subject to that encumbrance, and that Andre is entitled to have satisfaction of his debt out of whatever interest she acquired in said lands, after exhausting the personal property included in said deed, and that he has a right to proceed at once to obtain satisfaction

from both sources, unless appellants can show a reason why a court of equity will not permit him to do so.

*R. P. Willing* also made an oral argument.

CHALMERS, C. J., delivered the opinion of the court.

Mrs. Osburn alleged by her bill that she had become the owner of a plantation known as " Woodburn," formerly the property of one Moncure ; that defendant, Andre, held a trust-deed on the land prior in time to the judgment under which she purchased, and that he was about to foreclose his trust-deed by a sale. She alleged, further, that there was embraced in Andre's trust-deed a lot of valuable personal property, and that while the sum secured by it was nominally $3,300, she had reason to believe, and charged that in fact there was but little due. She prayed for a temporary injunction restraining Andre from making sale under his trust-deed until the amount due him could be ascertained, and further, for a discovery from him as to said amount, and that he might be compelled to first sell the personal property and credit the proceeds on the debt held by him, in order that she might be permitted to redeem the land by paying the balance left due. A temporary injunction restraining the sale, both of the personalty and realty, was granted. Andre answered the bill, substantially admitting its allegations (so for as the merits of this appeal are concerned), and stating, in response to the prayer for discovery, that the amount due him was $1,900. After answer filed, he moved for a dissolution of the injunction, which motion was by the chancellor sustained as to the personalty, but over-ruled as to the realty'; the effect of which was to permit him to make sale of the personalty, but to continue the injunction in force as to the realty. Mrs. Osburn, feeling aggrieved at this partial dissolution of her injunction, appealed from this order, executing a *supersedeas*-bond for that purpose. There-upon Andre renewed his motion for an entire dissolution of the injunction, so as to be permitted to proceed with a sale of the land ; which motion was sustained and the injunction

wholly dissolved. From this order also Mrs. Osburn appealed, and both appeals are before us to be heard together.

The action of the chancellor was correct throughout. Mrs. Osburn had no lien upon, or connection with the personal property. The utmost right she had in reference to it was to demand that a sale of it should precede a sale of the land, so that the proceeds arising from it should be credited upon the mortgage debt. Such should have been the scope of the original injunction, and this was the effect of the first order dissolving the injunction as to a sale of the personalty. But the complainant, by superseding this order, prevented the doing of all that she was entitled to demand, and obstructed the very relief that she had prayed. She was entitled to restrain the sale of the land for two purposes only, namely: to obtain discovery as to the amount due, and to have a precedent sale of the personalty. She had obtained the discovery by the answer of the defendant, whom she had made a witness for that purpose, and she rejected the other relief by superseding the order which granted it to her. Nothing remained for the chancellor but to permit a sale of the realty.

Both sales must now proceed, and complainant must rely, at the final hearing,. upon showing that the true amount due is less than that stated by the defendant, and ask that equity be done in the final decree. If she prefers it, she can by supplemental bill enjoin the trustee from paying over the proceeds of the sale of the land until this shall have been done.

Decree affirmed.